IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:24-CV-51-BO-KS

| | |
|---|---|
| LAUREN NUQUL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | )  ORDER |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Defendant's motion to stay discovery pending disposition of its motion to dismiss. Plaintiff has not responded to the motion to stay, and the time for doing so has expired. The motion is therefore ripe for adjudication. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

Plaintiff filed this action against State Farm Mutual Automobile Insurance Company ("State Farm") in the Superior Court of New Hanover County, North Carolina. The operative complaint asserts state-law claims for abuse of process, "tortious interference with contract right," blacklisting, malicious prosecution, and intentional infliction of emotional distress. (Am. Compl. [DE #7].) Plaintiff alleges that State Farm provided false or misleading information to the North Carolina Department of Insurance, causing Plaintiff to suffer business damages and emotional distress. State Farm removed the action to this court pursuant to 28 U.S.C. § 1446

(Not. Removal [DE #1]) and filed a motion to dismiss the action for failure to state a claim upon which relief can be granted (Mot. Dismiss [DE #9]). In the motion presently before the court, State Farm requests that discovery be stayed pending disposition of its motion to dismiss.

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue orders limiting or staying discovery. Fed. R. Civ. P. 26(c). "Whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Const., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (quoting *Sam Yang (U.S.A.), Inc. v. ENI Dist, Inc.*, No. 1:16-CV-2958-JKB, 2016 WL 7188447, at *3 (D. Md. Dec. 12, 2016)). The court should exercise its judgment by weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Where a party seeks to stay discovery pending resolution of a dispositive motion, factors favoring a stay include "the potential for the dispositive motion to terminate all claims in the case, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Baker v. Bank of Am.*, No. 5:13-CV-920-F, 2013 WL 6408221, at *1 (E.D.N.C. Dec. 6, 2013).

The balance of factors here weighs in favor of a stay of discovery. State Farm's motion to dismiss has the potential to terminate this action in its entirety. Discovery has not yet commenced and does not appear necessary to resolution of State Farm's motion. Among other things, State Farm contends that it is statutorily immune from civil liability for its alleged actions (Mem. Supp. Mot. Dismiss [DE #10] at 5-9) and that all but one of Plaintiff's claims are barred by the applicable statute of limitations (*id.* at 9-14). Plaintiff has not responded in opposition to either State Farm's motion to dismiss or State Farm's motion to stay, thus no claim of prejudice has been lodged by Plaintiff.

## CONCLUSION

In the interests of justice, the court GRANTS Defendant's motion to stay [DE #12] and STAYS discovery in this matter pending resolution of Defendant's motion to dismiss [DE #9].

If appropriate, a Scheduling Order will be entered upon the court's disposition of Defendant's motion to dismiss. Within fourteen (14) days after the court's ruling on Defendant's motion to dismiss, the parties shall confer and submit, if appropriate, a Rule 26(f) report and discovery plan for the court's consideration.

This 16th day of April 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge