IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-51-BO-KS

LAUREN NUQUL, )
)
        Plaintiff, )
)
v. ) ORDER
)
STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY d/b/a STATE FARM, )
)
        Defendant. )

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint in its entirety. Plaintiff has failed to respond to the motion, and the time for doing so has expired. In this posture, the motion is ripe for ruling.[1] For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff, who is represented by counsel, instituted this action against defendant by filing a complaint in New Hanover County Superior Court. Defendant removed the action to this Court on the basis of its diversity jurisdiction. 28 U.S.C. § 1441. [DE 1]. On February 7, 2024, plaintiff filed an amended complaint. [DE 7]. On February 20, 2024, defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. [DE 9]; Fed. R. Civ. P. 12(b)(6).

---

[1] The Court, in its discretion, determines that no hearing is necessary to resolve the motion. *See* Local Civil Rule 7.1(j).

The following is a brief summary of the allegations in plaintiff's complaint. On January 1, 2017, plaintiff became a licensed North Carolina insurance agent and she accepted a position with Gunnar Schultz, a State Farm insurance agent. In April 2018, plaintiff submitted an application advertised by defendant to be a State Farm agent. Plaintiff was interviewed and was offered the position of State Farm agent intern in Wilmington, North Carolina. An agent position in Wilmington would be available to plaintiff beginning in January 2019 once the internship was completed. Plaintiff accepted the offer and began work as a State Farm agent intern.

In November 2018, a State Farm representative contacted plaintiff and informed her that Gunnar Schultz and several of his employees were being audited and that plaintiff would be interviewed as a part of the audit. Plaintiff was interviewed as a part of the audit and was informed by defendant in December 2018 that she had been cleared of any wrongdoing and could continue the internship program.

Later that month, plaintiff was confronted by agents of defendant regarding her pursuit of opportunities with other insurance companies. She was placed on administrative leave and then terminated on December 26, 2018. The same day, plaintiff accepted a position as an insurance agent with Goosehead Insurance, a competitor of defendant. Plaintiff was later notified by defendant that the Wilmington State Farm agent opportunity was no longer available to her. Plaintiff continues to work as an independent insurance agent with Goosehead Insurance.

In April 2019, defendant send a letter to the North Carolina Department of Insurance (NCDOI). [DE 7 Ex. A]. Defendant contacted the NCDOI pursuant to N.C. Gen. Stat. § 58-33-56, which provides that defendant had an affirmative and ongoing obligation to make certain disclosures to the NCDOI, including, as is relevant here, termination of an individual's

2

Case 7:24-cv-00051-BO-KS   Document 16   Filed 08/05/24   Page 2 of 7

employment for cause. *See* N.C. Gen. Stat §§ 58-33-56(c); 58-33-56(a); 58-33-46(a). The statute further provides that

> (f) In the absence of actual malice, neither an insurer, the authorized representative of the insurer, a producer, a limited representative, the Commissioner, an organization of which the Commissioner is a member, nor the respective employees and agents of such persons acting on behalf of such persons shall be subject to civil liability as a result of any statement or information provided pursuant to this section.

*Id.* § 58-33-56(f). Plaintiff contacted defendant about the letter and was informed she would likely be investigated by the NCDOI, after which plaintiff began to suffer from overwhelming anxiety and other emotional symptoms. In February 2021, plaintiff was contacted by the NCDOI and informed she was being investigated for violating North Carolina law related to the quoting and sale of insurance policies, based upon defendant's alleged false report to the NCDOI. Plaintiff fully cooperated with the investigation, which was slowed by the COVID-19 pandemic, and the investigation was ultimately closed with no action taken by the NCDOI against plaintiff. Plaintiff alleges that, upon information and belief, defendant provided false and/or misleading information to the NCDOI, that defendant's actions caused her to lose business opportunities, and that she has suffered from anxiety, stress, and consternation as a result of defendant's actions.

Plaintiff alleges the following claims for relief against defendant, all arising under North Carolina law: abuse of process, tortious interference with contract right, blacklisting, malicious prosecution, and intentional infliction of emotional distress.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is

3

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.*

The failure to respond to a motion to dismiss permits a court to grant the motion based upon "the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). However, the court must still "review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

Defendant argues that all but one of plaintiff's claims are barred by the applicable statute of limitations. Where there are sufficient facts available on the face of the complaint to rule on an affirmative defense such as a statute of limitations defense, a court may do so at the Rule 12(b)(6) stage. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136 (1996).

As discussed above, plaintiff was terminated in December 2018 and defendant sent a letter to the NCDOI in April 2019. The tort of abuse of process has a three-year statute of limitations which "commences upon the last tortious act about which [a plaintiff] complain[s]." *Fox v. City of Greensboro*, 279 N.C. App. 301, 323 (2021). A claim for tortious interference with contract is also three years, N.C. Gen. Stat. § 1-52(1), and it "springs into existence and the cause of action is complete" once the injury occurs. *Stewart v. Se. Reg'l Med. Ctr.*, 142 N.C. App. 456, 461 (2001) (internal quotation and citation omitted). A cause of action for blacklisting, *see* N.C. Gen. Stat. § 14-355, must also be brought within three years, N.C. Gen. Stat. § 1-52(5), as must a claim for

4

intentional infliction of emotional distress. *See Williams v. Briggs,* No. 3:12-CV-97-RJC, 2012 WL 1956832, at *3 (W.D.N.C. May 31, 2012) (citing *Dickens v. Puryear,* 302 N.C. 437, 444 (1981)).

The letter sent by defendant to the NCDOI was sent in April 2019, and any claims based thereon are plainly outside the limitations period. Plaintiff also alleges that, upon information and belief, defendant provided false and/or misleading information to the NCDOI in February 2021, February 2022, and afterwards as its investigation of plaintiff took place. Plaintiff offers no additional factual support for her allegation that defendant provided any information to the NCDOI in February 2021, February 2022, or later; the specific dates simply align with the dates plaintiff alleges that *she* cooperated with the investigation and provided information to the NCDOI. *See* [DE 7 ¶¶ 31; 32; 36; 37]. Plaintiff's allegations that defendant took any action regarding the NCDOI investigation in February 2021 and February 2022 are, at best, conclusory, and she has not plausibly alleged any conduct which would bring her abuse of process, tortious interference, blacklisting, or intentional infliction of emotional distress claims within the applicable statute of limitations. "North Carolina law has long recognized the principle that a party must timely bring an action upon discovery of an injury to avoid dismissal of the claim." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.,* 370 N.C. 1, 2 (2017). Plaintiff has failed to do so here, and these claims are appropriately dismissed.

Plaintiff has also filed a claim for malicious prosecution, which defendant has moved to dismiss for failure to state a claim. Plaintiff alleges specifically that defendant intentionally caused a criminal proceeding to be continued against her without probable cause when it willfully provided false information to the NCDOI, triggering an investigation. To prove malicious prosecution, "a plaintiff must show that the defendant (1) initiated or participated in the earlier

5

proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff." *Turner v. Thomas*, 369 N.C. 419, 425 (2016). Malice in this context can be demonstrated by proving that the defendant either "was motivated by personal spite and a desire for revenge or that defendant acted with reckless and wanton disregard for plaintiffs' rights." *Fox*, 279 N.C. App. at 316 (internal quotations omitted, quoting *Becker v. Pierce*, 168 N.C. App. 671, 676 (2005)).

Plaintiff alleges that defendant's letter to the NCDOI was fraudulent and was sent because plaintiff had been successful in her new job with a competitor. Plaintiff further alleges that defendant willfully provided false information to the NCDOI in order to trigger an investigation. But even at this stage of the proceeding, plaintiff must come forward with more than mere legal conclusions and recitations of the elements to sufficiently allege malice. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) ("malice must still be alleged in accordance with Rule 8—a 'plausible' claim for relief must be articulated."). Plaintiff alleges that false information was provided by defendant to the NCDOI, but she does not allege specifically what false information was provided. For example, plaintiff does not allege that the investigation into Schultz's office was unfounded, nor does she identify any false information that was provided by defendant to the NCDOI about her. At bottom, plaintiff's allegations are insufficient to nudge her claim across the line from conceivable to plausible. This claim is appropriately dismissed.

Additionally, as noted above, the relevant statute provides that, in the absence of malice, an insurer is immune from civil liability for following its reporting requirements. As plaintiff has not plausibly alleged malice on the part of the defendant, the statute provides immunity to defendant for plaintiff's civil claims.

6

## CONCLUSION

Accordingly, for the foregoing reasons, the unopposed motion to dismiss by defendant [DE 9] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety. The clerk is DIRECTED to close the case.

SO ORDERED, this __2__ day of August 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE